SENTELLE, Senior Circuit Judge,
dissenting:
Relying on UC Health v. NLRB, 803 F.3d 669, 2015 WL 5474171 (D.C.Cir.2015), the majority concludes that a regional director has the authority to conduct an election even if the Board lacks a quorum. I disagree and would instead set aside the election because the regional director’s authority to act “ceased the moment the Board’s membership dropped below its quorum requirement of three members.” Laurel Baye Healthcare of Lake Lanier, Inc. v. NLRB, 564 F.3d 469, 473 (D.C.Cir.2009).
Section 153(b) contains four provisions: (1) the delegation clause; (2) the vacancy clause; (3) the Board quorum requirement; and (4) the group quorum provision. New Process Steel, L.P. v. NLRB, 560 U.S. 674, 680, 130 S.Ct. 2635, 177 L.Ed.2d 162 (2010) (summarizing 29 U.S.C. § 153(b)). In Laurel Baye, we held that the third provision, the quorum requirement, “clearly requires that a quorum of the Board is, ‘at all times,’ three members.” 564 F.3d at 473. The phrase “at all times,” we explained, is “unambiguous” and “denotes that there is no instance in which this Board quorum requirement may be disregarded.” Id.; see also id. (“Congress provided unequivocally that a quorum of *320 the Board is three members, and that this requirement must be met at all times.”). Simply put, we held that “the Board cannot by delegating its authority circumvent the statutory Board quorum requirement, because this requirement must always be satisfied.” Id.
The majority in UC Health purports to create an exception for regional directors. I reject UC Health’s analysis for the same reason the Supreme Court rejected the Board’s rationale in New Process Steel: it “dramatically undercuts the significance of the Board quorum requirement by allowing its permanent circumvention.” 560 U.S. at 681, 130 S.Ct. 2635. Even though New Process Steel did not rely on our discussion of agency, see id. at 684 n. 4, 130 S.Ct. 2635 (“our decision does not address” that “separate question”), neither did the Supreme Court overrule our decision in Laurel Baye. We remain bound by it as circuit law.
I see little point in rehashing the debate between Judge Silberman in the companion case and Judge Srinivasan in this one over the absence of a Chevron discussion in Laurel Baye. I do think it worth at least passing mention that in the Supreme Court decision which ultimately construed the same statute as Laurel Baye, New Process Steel, L.P. v. NLRB, 560 U.S. 674, 130 S.Ct. 2635, 177 L.Ed.2d 162 (2010), neither the majority nor the dissent makes any reference to Chevron. Neither, apparently, did the government, since all references to the government argument in New Process Steel deal with interpretation of the statute per se, rather than an analysis of the NLRB’s administrative conduct. For example, at 680, 130 S.Ct. 2635, the Court states, “One interpretation, put forward by the Government, would read the clause to require only that a delegee group contain three members at the precise time the Board delegates its powers.... ” In analyzing the government’s position, the Court stated, “Hence, while the Government’s reading of the delegation clause is textually permissible in a narrow 'sense, it is structurally implausible, as it would render two of § 3(b)’s provisions functionally void.” Id. at 681, 130 S.Ct. 2635. For what it’s worth, the Seventh Circuit in the decision reviewed by the Supreme Court in New Process Steel also made no reference to Chevron. See New Process Steel, L.P. v. NLRB, 564 F.3d 840 (7th Cir.2009). That said, the fact that the Laurel Baye court did not discuss a government position that the government did not raise seems to me to be of little consequence.
Because Laurel Baye concluded that § 153(b)’s quorum requirement provision' unambiguously requires the Board to have a quorum for a delegee to exercise its authority, National Cable & Telecommunications Association v. Brand X Internet Services, 545 U.S. 967, 125 S.Ct. 2688, 162 L.Ed.2d 820 (2005), does not apply. And, for the reasons discussed by Judge Silberman, we may not apply Chevron deference to the Board’s interpretation of § 153(b). See UC Health, Slip op. at 5-6, 803 F.3d at 687-88 (Silberman, J., dissenting). Even if Chevron deference applied, the Board’s interpretation of § 153(b) is unreasonable under step two. See id. at 5, 803 F.3d at 687.
I respectfully dissent.